FILED BY  MB  D.C.
Apr 13, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-14016-ROSENBERG/MAYNARD

18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 554
18 U.S.C. § 922(e)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ELIESER SORI RODRIGUEZ,

        Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Conspiracy to Purchase Firearms by Means of False Statement**
(18 U.S.C. § 371)

From in or around November 2021, the exact date being unknown to the Grand Jury, and continuing through in or around August 2022, in Saint Lucie, Martin, Palm Beach, and Broward Counties, in the Southern District of Florida and elsewhere, the defendant,

**ELIESER SORI RODRIGUEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with parties known and unknown to the Grand Jury, to commit any offense against the United States, that is to willfully purchase firearms by means of a false statement, in violation of Title 18, United States Code, Sections 922(a)(6).

## OBJECT AND PURPOSE OF THE CONSPIRACY

It was an object and purpose of the conspiracy for the defendant and his co-conspirators to purchase firearms by means of a false statement.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

1. Known and unknown co-conspirators purchased firearms from a variety of sources within the Southern District of Florida.

2. **ELIESER SORI RODRIGUEZ** directed known and unknown co-conspirators to purchase firearms on his behalf.

3. Known and unknown co-conspirators made false and fictitious written statements to the firearms dealers that were intended and likely to deceive the dealers with respect to any fact material to the lawfulness of the sale and other disposition of said firearms, specifically, that they were the buyers of the firearms, when in truth and fact, they were purchasing the firearms for **ELIESER SORI RODRIGUEZ.**

4. **ELIESER SORI RODRIGUEZ** then purchased the aforementioned firearms from known and unknown co-conspirators.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purposes thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about August 3, 2021, a known co-conspirator purchased a firearm from a Federal Firearms Licensee in Jensen Beach, Martin County, Florida, in the Southern District of Florida.

2. On or about November 26, 2021, a known co-conspirator purchased four Taurus G3 firearms from a Federal Firearms Licensee in Broward County, Florida, in the Southern District of Florida, and later sold these firearms to **ELIESER SORI RODRIGUEZ.**

3. On or about December 3, 2021, a known co-conspirator purchased two firearms from a Federal Firearms Licensee in Port Saint Lucie, Saint Lucie County, Florida, in the Southern District of Florida.

4. On or about December 4, 2021, a known co-conspirator purchased one firearm from a Federal Firearms Licensee in Jensen Beach, Martin County, Florida, in the Southern District of Florida.

5. On or about December 4, 2021, a known co-conspirator purchased two firearms from a Federal Firearms Licensee in Jensen Beach, Martin County, Florida, in the Southern District of Florida.

6. On or about December 4, 2021, a known co-conspirator purchased two firearms from a Federal Firearms Licensee in West Palm Beach, Palm Beach County, Florida, in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

On or about November 26, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIESER SORI RODRIGUEZ,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Public Pawn & Arms, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm, in that **T.N.** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearm, when in truth and fact, and as **T.N.** then and there well knew, he was purchasing the firearm for **ELIESER SORI RODRIGUEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 3
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

On or about June 24, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIESER SORI RODRIGUEZ,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Value Pawn and Jewelry, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm, in that **S.S.** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of

the firearm, when in truth and fact, and as **S.S.** then and there well knew, he was purchasing the firearm for **ELIESER SORI RODRIGUEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 4
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

On or about December 4, 2021, in Martin and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**ELIESER SORI RODRIGUEZ,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, St. Lucie Jewelry and Pawn; Shoot Straight WPB Inc; and Lotus Gunworks of South Florida LLC, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm, in that **W.I.** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearm, when in truth and fact, and as **W.I.** then and there well knew, he was purchasing the firearm for **ELIESER SORI RODRIGUEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 5
### Smuggling Firearms From the United States
### (18 U.S.C. § 554)

On or about December 3, 2021, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**ELIESER SORI RODRIGUEZ,**

did fraudulently and knowingly export and send from the United States to a place outside thereof, that is, the Dominican Republic, any merchandise, article, and object, and did conceal and facilitate

the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 18, United States Code, Sections 922(e) and 924(a)(1)(D), in violation of Title 18, United States Code, Sections 554 and 2.

**COUNT 6**
**Delivery of a Firearm to a Common Carrier Without Written Notification**
**(18 U.S.C. § 922(e))**

On or about December 3, 2021, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**ELIESER SORI RODRIGUEZ,**

did knowingly and willfully deliver and cause to be delivered to a common and contract carrier for transportation and shipment in interstate and foreign commerce, to a person, other than a licensed importer, manufacturer, dealer, and collector, a package and other container in which there was a firearm, without written notice to the carrier that such firearm was being transported and shipped, in violation of Title 18, United States Code, Sections 922(e), 924(a)(1)(D), and 2.

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ELIESER SORI RODRIGUEZ**, has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Sections 922 or 924, or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3. Upon a conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 554, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Sections 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
CHRISTOPHER H. HUDOCK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 23-CR-14016-ROSENBERG/MAYNARD

v.

ELIESER SORI RODRIGUEZ,

Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☒ FTP
☐ FTL   ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)          (Check only one)
   I   ☐ 0 to 5 days          ☐ Petty
   II  ☒ 6 to 10 days         ☐ Minor
   III ☐ 11 to 20 days        ☐ Misdemeanor
   IV  ☐ 21 to 60 days        ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Christopher Hudock
Assistant United States Attorney
FL Bar No.   92454

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ELIESER SORI RODRIGUEZ

**Case No**: 23-CR-14016-ROSENBERG/MAYNARD

Count #: 1

Conspiracy to Purchase Firearms by Means of False Statement, 18 U.S.C. §371

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 2, 3, 4

Purchase of Firearms by Means of False Statement, 18 U.S.C. §§ 922(a)(6) & 2

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 5

Smuggling Firearms from the United States, 18 U.S.C. § 554

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 6

Delivery of a Firearm to a Common Carrier without Written Notification, 18 U.S.C. § 922(e)

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.